```
 1                 UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                 WESTERN DIVISION-LOS ANGELES

 4                            - - -

 5        HONORABLE PERCY ANDERSON, JUDGE PRESIDING

 6                            - - -

 7  TAMRA K. RUSSO, et al.,           )
                                      )
 8                   Plaintiffs,      )
                                      )
 9             vs.                    )  No. EDCV 17-2429-PA
                                      )
10  COUNTY OF SAN BERNARDINO, STEPHEN )
    SULLIVANT, et al.,                )
11                                    )
                     Defendants.      )
12  _____)

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                 Los Angeles, California

16                  Thursday, May 3, 2018

17                       1:32 p.m.

18

19

20

21

22
                   PHYLLIS A. PRESTON, CSR, FCRR
23                Federal Official Court Reporter
                    United States District Court
24                     3470 Twelfth Street
                    Riverside, California 92501
25                     stenojag@aol.com
```

```
 1   APPEARANCES:

 2

 3   For the Plaintiffs:

 4                         Jerry L Steering
                           Law Offices of Jerry L Steering
 5                         4063 Birch Street, Suite 100
                           Newport Beach, California 92660
 6

 7

 8

 9

10

11   For the Defendants:

12                         Barry Hassenberg
                           Kellian Summers
13                         Lewis Brisbois Bisgaard and Smith LLP
                           633 West 5th Street, Suite 4000
14                         Los Angeles, California 90071

15

16

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 1 | THURSDAY, MAY 3, 2018; LOS ANGELES, CALIFORNIA | |
| 2 | -o0o- | |
| 3 | THE CLERK: Calling Item No. 1, EDCV 17-2429, Tamra | |
| 4 | Russo vs. County San Bernardino, et al. | |
| 5 | Counsel, please state your appearances. | 01:32 |
| 6 | MR. STEERING: Good afternoon, Your Honor. Jerry | |
| 7 | Steering for the plaintiff. | |
| 8 | THE COURT: Good afternoon. | |
| 9 | MR. HASSENBERG: Good afternoon, Your Honor. Barry | |
| 10 | Hassenberg for the defendants. | 01:32 |
| 11 | MS. SUMMERS: Good afternoon, Your Honor. Kellian | |
| 12 | Summers also for the defense. | |
| 13 | THE COURT: Good afternoon. Mr. Steering, I know you | |
| 14 | had some concern that I was the only judge that was severing | |
| 15 | state law claims and trying only the federal claims. There's a | 01:32 |
| 16 | civil rights case being tried next door in which the judge is | |
| 17 | only trying the federal claims and he severed off the state law | |
| 18 | claims. He's been doing this about twice as long as I have. | |
| 19 | And, also, you might want to take a look at Rule 42. It allows | |
| 20 | me to decide which claims go and which don't. | 01:33 |
| 21 | MR. STEERING: Well, I appreciate you're letting me | |
| 22 | know that, Your Honor. | |
| 23 | THE COURT: I assume the parties have had an | |
| 24 | opportunity to look at the video. | |
| 25 | MR. STEERING: Yes, Your Honor. Yes, we looked at | 01:33 |

1 it.

2     MR. HASSENBERG: Yes, we have, Your Honor.

3     THE COURT: Okay. I think one of the other things I
4 asked the parties to take a look at is to possibly stipulate to
5 allow the officer to be brought in as a Doe defendant. Have   01:33
6 you made any progress about when he's going to be joined in
7 this case?

8     MR. STEERING: Well, I wasn't -- no. I mean, I was
9 just asking Mr. Hassenberg if he would just agree to it. If
10 he's not going to agree, just file a motion. But I was just   01:34
11 going to wait to see what was going to happen today. See,
12 because we set up a -- I don't know if it's tentative or actual
13 -- set up a date for a mediation on June 18th. So, you know, I
14 don't want to sue a policeman if I don't have to.

15     MR. HASSENBERG: So, Your Honor, when we left court   01:34
16 last time we had a discussion about whether there is sort of a
17 Doe amendment form that can be filed, and I think we sort of
18 left it at that. Mr. Steering thought there wasn't, and I
19 don't have authority to make the appearance for the officer.

20     THE COURT: That's okay. So what I'm going to do is,   01:34
21 I'm going to set a date by which you either bring him in or you
22 don't. And, you know, it seems to me, you guys can --
23 Mr. Steering sets out that Does 1 through 4 were responsible
24 for the excessive force, so if you want to stipulate that he's
25 Doe 1, that's fine. You can't stipulate, then I'll set a date   01:35

| | | |
|---|---|---|
| 1 | by which Mr. Steering needs to have brought him into the case. | |
| 2 |       MR. HASSENBERG: That would be good, Your Honor. | |
| 3 |       MR. STEERING: Yes, Your Honor. | |
| 4 |       THE COURT: In fact, I believe that date is already | |
| 5 | set. I think the time in which to bring a motion to amend the | 01:35 |
| 6 | pleadings or add parties, I think we set in this case. The | |
| 7 | last day to file a motion to add parties is June 18th. So you | |
| 8 | back out 35 days -- that's the last day to hear motions. So if | |
| 9 | you back out 35 days from that, that's sometime in May. | |
| 10 |       MR. STEERING: Tomorrow. | 01:36 |
| 11 |       THE COURT: I'm sorry? | |
| 12 |       MR. STEERING: Tomorrow. Oh, no, I'm sorry. I'm | |
| 13 | thinking of 45 days. I'm sorry, Your Honor. | |
| 14 |       THE COURT: Okay. Now, did both of you have a chance | |
| 15 | to look at the Supreme Court cases the Court had cited you to? | 01:36 |
| 16 |       MR. STEERING: Well, we did. And I talked -- I knew | |
| 17 | about *Plumhoff* when it came out. Mr. Hassenberg is actually -- | |
| 18 | has a case that he's litigating with kind of a *Plumhoff* issue | |
| 19 | right now. | |
| 20 |       MR. HASSENBERG: We are aware of the *Plumhoff* case, | 01:36 |
| 21 | Your Honor, and cases before and after it. | |
| 22 |       THE COURT: Well, I guess my question is, based on | |
| 23 | after looking at the videotape, aren't these federal claims for | |
| 24 | excessive force and false arrest, aren't they precluded by | |
| 25 | *Plumhoff* and *Brosseau*? | 01:37 |

1      MR. STEERING: I don't know. You know something, in
2 all candor, I'm not sure what to make of it and this is why:
3 Let's say a policeman just pulled somebody over and the guy
4 just took off.
5      THE COURT: We don't have to suppose. We know what                01:37
6 happened in this case.
7      MR. STEERING: We know what happened in this case.
8      THE COURT: Right. So we don't have to suppose.
9      MR. STEERING: But, you know, I mean, I want to hear
10 what the officer has to say. They ran up to the car, they           01:37
11 opened the car door, all of a sudden you see a gun in your
12 face.
13      THE COURT: You've already got a judicial admission
14 in your complaint that the lady said, *Look out, it's a cop and*
15 *he's got a gun*.                                                    01:37
16      MR. STEERING: I understand.
17      THE COURT: Okay.
18      MR. STEERING: I understand. But, you know, I don't
19 know if -- you know, I've stared down the barrel of a gun
20 before and the only thing that I saw was the barrel of the gun.     01:38
21      THE COURT: Yeah. Well, that's your -- if that's it,
22 that's it. There may be issues with what the officer did or
23 didn't do in this case. But in terms of these federal claims,
24 I think you've got an uphill fight to escape immunity.
25      MR. STEERING: I totally understand.                            01:38

| | | |
|---|---|---|
| 1 | THE COURT: Okay. Well, and the risk I think that | |
| 2 | you run is that if I have to rule on those -- if I rule on | |
| 3 | those claims, you've still got your state law claims, and I | |
| 4 | don't know what a state court judge is going to do, in terms of | |
| 5 | issue preclusion or res judicata, with any rulings that I might | 01:39 |
| 6 | make on these federal claims and that's a risk. And it may or | |
| 7 | may not be in your interest to just say, you know, I'm not sure | |
| 8 | it's worth it to have a ruling in those federal claims when I | |
| 9 | can go over to state court without the benefit of any rulings | |
| 10 | on immunity, because certainly the battery claim is going to go | 01:39 |
| 11 | if, in fact, he's immune. | |
| 12 | MR. STEERING: No, I disagree with that. | |
| 13 | THE COURT: Well, okay. We'll see. | |
| 14 | MR. STEERING: I understand. In other words, the | |
| 15 | battery claim -- in a wrongful death claim, you can have just | 01:39 |
| 16 | mere negligence could be a wrongful death claim. So the method | |
| 17 | by which the police are out of the car and may have done | |
| 18 | something may result in a negligence liability where it may not | |
| 19 | result in federal Fourth Amendment unreasonable force | |
| 20 | liability. So, you know, I'm not delusional. I mean, I can | 01:40 |
| 21 | read and I see. I know what *Plumhoff* says. I know what | |
| 22 | *Plumhoff* says, and your point is well taken, and I get it. | |
| 23 | Do you want us to go -- I mean, I don't know if you | |
| 24 | want anything, you want me to do anything or not do anything, | |
| 25 | but it sure seems like you're telling me to go file this case | 01:40 |

1 in state court.

2 THE COURT: I'm not telling you anything. I'm not
3 telling you anything that you don't know. All I'm saying is --
4 the only thing I'm telling you is, is that it seems to me
5 you've got an uphill climb to avoid immunity in this case on 01:40
6 those federal claims. And the only thing I'm saying, if that's
7 true, there is a risk to having that ruling made. That's all.

8 MR. STEERING: I agree.

9 THE COURT: Okay.

10 MR. STEERING: And I appreciate the Court's 01:41
11 advisement on that.

12 THE COURT: Okay. So I'm going to set some deadlines
13 by which we can have a motion for qualified immunity.

14 MR. STEERING: Can we set it after the proposed
15 June 18th settlement date? 01:41

16 THE COURT: Mm-hmm.

17 MR. STEERING: Because, in other words, I think that
18 Mr. Hassenberg and I know what the Court is thinking about it,
19 but we haven't briefed the issue yet. So, you know -- but the
20 specter of uncertainty sometimes will help settle the 01:41
21 negotiations, and so if we could brief it after June 18th, we
22 would really appreciate that.

23 And by the way, Your Honor, I did contact, pursuant
24 to your suggestion, the probate office across the street and
25 they did refer me to a lawyer that does act as guardian ad 01:42

```
 1  litem for minors in cases like this.
 2          THE COURT:  Okay.
 3          MR. STEERING:  I have contacted them.
 4          MR. HASSENBERG:  Your Honor, we don't mind briefing
 5  the issue after the June 18th date.  I can't say I'm optimistic       01:42
 6  about resolving the case at mediation, but we have our marching
 7  orders and we're going to go.
 8          THE COURT:  Okay.  Mediation goes on June 18th?
 9          MR. STEERING:  June 18th.
10          THE COURT:  Okay.  How is July 2nd?                           01:43
11          MR. STEERING:  To file?
12          THE COURT:  For them to file their brief.
13          MR. HASSENBERG:  Fine, Your Honor.
14          THE COURT:  Okay.  And then yours would be due July
15  -- your opposition would be due July 16th and the reply would        01:43
16  be due July 23rd.  And you can set it for hearing August 6th.
17  And once I've looked it over, I'll let you know if we need to
18  have oral argument or not on the 6th.  Set it for August 6th at
19  1:30.  In between now and then, you guys do whatever you want.
20          Who is the mediator?                                          01:44
21          MR. STEERING:  Richard Copeland.
22          THE COURT:  Okay.  Just make sure you keep in mind
23  the date to amend the pleadings, the deadline.
24          MR. STEERING:  Yes, Your Honor.  Thank you, Your
25  Honor.                                                                01:45
```

```
 1              THE COURT:  Anything else?
 2              MR. HASSENBERG:  No, Your Honor.
 3              MR. STEERING:  Nothing that I can think of, Your
 4    Honor.
 5              THE COURT:  Okay.  Thank you very much.           01:45
 6              MR. HASSENBERG:  Thank you.
 7                      (Proceedings concluded)
 8                              -o0o-
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E

 2

 3                  DOCKET NO. EDCV 17-2429-PA

 4
             I hereby certify that pursuant to Section 753,
 5   Title 28, United States Code, the foregoing is a true and
     accurate transcript of the stenographically reported
 6   proceedings held in the above-entitled matter and that the
     transcript page format is in conformance with the regulations
 7   of the Judicial Conference of the United States.

 8

 9

10

11    /S/ Phyllis A. Preston      DATED:  May 23, 2018

12   Federal Official Court Reporter

13   CSR, FCRR
```