**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
MATTHEW P. HARRISON, SB# 222073
  E-Mail: Matthew.Harrison@lewisbrisbois.com
KELLIAN SUMMERS, SB# 306072
  E-Mail: Kellian.Summers@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and STEPHEN SULLIVANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMRA K. RUSSO, individually; and as guardian ad litem for minor children K.S. and A.S., successors in interest to Michael David Russo, SIRIKUL SAWASDIKUL and BRIAN TERRENCE RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, STEPHEN SULLIVANT and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 5:17-CV-02429-PA-SP<br><br>[The Hon. Percy Anderson]<br><br>**ANSWER OF DEFENDANT STEPHEN SULLIVANT TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**<br><br>Action Filed: December 4, 2017<br>Trial Date: January 15, 2019 |

COMES NOW Defendant STEPHEN SULLIVANT (hereinafter referred to as "Defendant") and answers the First Amended Complaint on file herein, for himself and for no other defendants, admits, denies and alleges as follows:

1. Answering Paragraph 1 of the First Amended Complaint, Defendant admits that under the facts alleged, the Court has subject matter jurisdiction over Plaintiffs' claims at this time.

4840-6429-5530.1

ANSWER OF DEFENDANT STEPHEN SULLIVANT TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND

2. Answering Paragraph 2 of the First Amended Complaint, Defendant admits that under the facts alleged, venue is proper.

3. Answering Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 62, 68, and 98, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis deny each and every allegation contained therein. Defendant is also without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs given that the unknown defendant(s) have not yet been identified, and on that basis this Defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every other allegation set forth in said paragraphs.

4. Answering Paragraph 12, Defendant admits at all times herein Defendant Stephen Sullivant was a sworn deputy with the San Bernardino County Sheriff's Department and an employee of Defendant County of San Bernardino.

6. Answering Paragraphs 22, 23, 24, 53, 54, 55, 56, 57, 58, 60, 61, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88, 89, 90, 92, 93, 94, 95, 96, 99, 100, 101, 102, 104, 105, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 118, 120, 121, 122, 123, 125, 126, 127, 128, 130, 131, 132, 133, 135, 136, and 137, Defendant denies each and every allegation contained therein. Defendant is also without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs given that the unknown defendant(s) have not yet been identified, and on that basis this Defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that

basis denies each and every other allegation set forth in said paragraphs.

7. Answering Paragraph 25 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 24 herein.

8. Answering Paragraph 59 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 58 herein.

9. Answering Paragraph 67 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 66 herein.

10. Answering Paragraph 74 of the First Amended Complaint, Defendant incorporate by reference responses to paragraphs 1 – 73 herein.

11. Answering Paragraph 91 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 90 herein.

12. Answering Paragraph 97 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 96 herein.

13. Answering Paragraph 103 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 102 herein.

14. Answering Paragraph 113 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 112 herein.

15. Answering Paragraph 119 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 118 herein.

16. Answering Paragraph 124 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 123 herein.

17. Answering Paragraph 129 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 128 herein.

18. Answering Paragraph 134 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 1 – 133 herein.

## **FIRST AFFIRMATIVE DEFENSE**

19. Defendant is entitled to qualified immunity.

/ / /

**SECOND AFFIRMATIVE DEFENSE**

20. The First Amended Complaint fails to state causes of action.

**THIRD AFFIRMATIVE DEFENSE**

21. The First Amended Complaint fails to state a cause of action against the public entity Defendant pursuant to *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

**FOURTH AFFIRMATIVE DEFENSE**

22. Neither a public entity nor a public employee is liable for an act or omission, exercising due care, in the execution or enforcement of any law.

**FIFTH AFFIRMATIVE DEFENSE**

23. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**SIXTH AFFIRMATIVE DEFENSE**

24. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**SEVENTH AFFIRMATIVE DEFENSE**

25. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of their duties.

**EIGHTH AFFIRMATIVE DEFENSE**

26. The actions of this Defendant were reasonable, proper, and legal in all respects.

**NINTH AFFIRMATIVE DEFENSE**

27. Defendant is immune from liability, pursuant to Government Code § 845.8, for any injuries resulted from a criminal suspect resisting or fleeing from arrest.

**TENTH AFFIRMATIVE DEFENSE**

28. Any injury or damage suffered by Plaintiffs were caused solely by reason of decedent Michael Russo's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of this Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

29. The force, if any, used on the decedent Michael Russo was reasonable under the circumstances and any injury or damages allegedly suffered by Plaintiffs were due to and caused by reason of decedent Michael Russo's acts and conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

30. To the extent that any force was used in attempting to make an arrest, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

31. To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

**FOURTEENTH AFFIRMATIVE DEFENSE**

32. This action is barred by the applicable statutes of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

33. The actions of the Defendants' officers were responsible and justified pursuant to California Penal Code §§834(a) and 835.

**SIXTEENTH AFFIRMATIVE DEFENSE**

34. Defendant is entitled to statutory, governmental, and common law immunities which preclude the plaintiffs' right to recover.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

35. Defendant acted reasonably and had probable cause to arrest the decedent at all times and places referred to in the First Amended Complaint.

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

36. The First Amended Complaint fails to state a cause of action against any Defendant for punitive damages in that punitive damages violate each Defendant's due process of law rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

37. Plaintiffs are precluded by California and federal law from recovering punitive damages against the public entity defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

38. Any injury to Plaintiffs was due to and caused by the negligence and omissions of the plaintiffs to care for themselves, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

39. Defendant is not liable pursuant to the doctrine of assumption of risk.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

40. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

41. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

43. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

44. Because the First Amended Complaint is couched in conclusory terms, this answering Defendant cannot fully anticipate all the affirmative defenses that



may be applicable to this action. Accordingly, this Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

WHEREFORE, Defendant STEPHEN SULLIVANT prays that Plaintiffs take nothing by the way of the First Amended Complaint and that this Defendant herein recovers its costs and such other and further relief as the Court may deem just and proper.

DATED: June 27, 2018

DANA ALDEN FOX
DAWN M. FLORES-OSTER
MATTHEW P. HARRISON
KELLIAN SUMMERS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Kellian Summers*
Kellian Summers
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant STEPHEN SULLIVANT hereby demands a jury trial in this action.

DATED: June 27, 2018

DANA ALDEN FOX
DAWN M. FLORES-OSTER
MATTHEW P. HARRISON
KELLIAN SUMMERS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Kellian Summers*
Kellian Summers
Attorneys for Defendant, COUNTY OF SAN BERNARDINO